UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT DIVINE SMITH, SR., | 2:07-cv-0978-LDG |
|     Plaintiff, | |
| v. | **ORDER** |
| ARNOLD, et al., | |
|     Defendants. | |

Defendants Arnold and Schwartz have filed a motion to dismiss (#26, opposition #31, reply #33, surreply #36). Plaintiff brought this 42 U.S.C. section 1983 action alleging violations of his Eighth and Fourteenth Amendment rights stemming from defendants' failure to provide him court mandated mental health treatment. In their motion to dismiss, defendants argue that because plaintiff failed to file an inmate grievance concerning the alleged denial of mental health treatment, plaintiff has failed to exhaust his administrative remedies.

In considering a motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." McGary v. City of Portland, 386 F.3d 1259, 1261 (9th Cir. 2004). "However, the court is not required to accept legal conclusions cast in the form of factual allegation if those conclusions cannot reasonably be drawn from the facts alleged." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (quotation omitted). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Id. (quotation omitted).

1 | There is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). The issue is not whether the plaintiff ultimately will prevail but whether he is entitled to offer evidence in support of his claims. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). The court may not grant a motion to dismiss for failure to state a claim "unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its claims which would entitle it to relief." Allied Signal, Inc. v. City of Phoenix, 182 F.3d 692, 695 (9th Cir. 1999).

Here, defendants arguments and plaintiff's rebuttals regarding the exhaustion of remedies rely heavily on materials beyond the face of the complaint, and specifically on whether the contents of grievances requesting transfer satisfies the denial of the mental health treatment, which would have been provided at another institution. In addition, the court finds that plaintiff's arguments that he was not aware of his designation for mental health treatment, and therefore, that he could not have filed a more specific grievance, requires further factual development. In sum, the court finds that the exhaustion would be more appropriately considered in the context of a motion for summary judgment, where the factual positions of the parties may be tested.

THE COURT HEREBY ORDERS that defendants' motion to dismiss (#26) is DENIED.

DATED this ___9___ day of October, 2009.

_____
Lloyd D. George
United States District Judge